FUENTES, Circuit Judge,
dissenting.
I respectfully dissent because, in my view, Nicholas’s tort claims fall squarely' within the broad scope of the Employment Agreement’s arbitration clause. That clause states that “[a]ny controversy or claim” that arises out of or relates “in any fashion to ... the suspension or termination of Employee’s employment” is subject to arbitration. (App. at 28.) The Agreement makes clear that claims for “defamation, infliction of emotional distress, and all other matters sounding in tort” that relate to the employment relationship or its termination are arbitrable. (Id. at 29.) Nicholas’s contention that he was defamed by the statement of Patrick Henry, Grapetree’s general manager, that Nicholas was terminated for misconduct certainly relates to the termination of his employment. The fact that Nicholas was no longer a Grapetree employee when the allegedly defamatory statement was made is beside the point — the Agreement expressly applies not only to claims addressing “Employee’s dealings with Employer,” but also to tort claims like Nicholas’s that relate in any way to the “termination of Employee’s employment.” (Id. at 28.) We have held that “unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute,” a motion to compel arbitration should be granted. Medtronic AVE, Inc. v. Advanced Cardiovascular Systems, Inc., 247 F.3d 44, 55 (3d Cir.2001). Such assurance is lacking in this case, and I would therefore vacate and remand for further proceedings.